# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>O. ONYEJE, et al.,<br><br>　　　　Defendants. | 1:15-cv-01148-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR MODIFIED SCHEDULING ORDER<br>[ECF No. 36]<br><br>AMENDED DISCOVERY AND SCHEDULING ORDER<br><br>Exhaustion Motion Deadline: **July 17, 2017**<br>Deadline to Amend Pleadings: **October 16, 2017**<br>Discovery Deadline: **December 18, 2017**<br>Dispositive Motion Deadline: **February 28, 2018** |

Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is related to Ricks v. Levine, et al., 1:15-cv-1150-AWI-BAM, and Ricks v. Austria, et al., 1:15-cv-1147-AWI-BAM. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants request for a modified scheduling order and declaration in support, filed April 19, 2017. (ECF No. 36.) Defense counsel declares that Defendants' answer was returned from the prison because Plaintiff was "out to medical." The Court's March 3, 2017 discovery and scheduling order was also returned as undeliverable by the

1

United States Post Office. Defense counsel further declares that Plaintiff has been returned to the institution that is his address of record, Salinas Valley State Prison, as of at least April 18, 2017, and has been re-served with Defendants answer and a notice of a subpoena to the California Department of Corrections and Rehabilitation for plaintiff's medical and inmate appeal records.

Defendants request that the deadlines in the Court's March 3, 2017 discovery and scheduling order all be extended by 45 days to account for the time Plaintiff was out to medical and was not served with the above-described filings and orders. The Court finds good cause to extend the deadlines as requested, and grants the request.

Accordingly, pursuant to Federal Rules of Civil Procedure 1, 16, and 26−36, discovery in this matter shall proceed as follows:

**Discovery Procedures:**

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and 250.4.

2. Responses to written discovery requests shall be due forty−five (45) days after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. See Fed. R. Civ. P.34(a)(1). Documents are deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand. Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

3. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendants serve all parties with the notice required by Federal

Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

4. If discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 11 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California. A discovery motion that does not comply with applicable rules will be stricken and may result in imposition of sanctions. However, unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve the dispute shall not apply. Voluntary compliance with this provision of Rules 26 and 37 is encouraged, and if the Court deems it appropriate in any given case, it will reimpose the good faith meet and confer requirement. A moving party should not seek to compel production of documents which are equally available to that moving party, such as documents in plaintiff's central file.

**Amendment to Pleadings:**

5. The deadline for amending the pleadings is **October 16, 2017**.

**Filing Deadlines:**

6. The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is **July 17, 2017**.

7. The deadline for the completion of all discovery, including filing all motions to compel discovery, is **December 18, 2018**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel

8. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **February 26, 2018**.

9. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**.

IT IS SO ORDERED.

Dated: **April 20, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE