1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                          **EASTERN DISTRICT OF CALIFORNIA**

8

9    **SCOTT K. RICKS,**                          **CASE NO. 1:15-CV-1148 AWI BAM**

10                          **Plaintiff**

11            **v.**                              **ORDER ON DEFENDANTS' MOTION
                                                  TO CONSOLIDATE**

12   **O. ONYEJE, et al.,**

13                          **Defendants**        (Doc. No. 39)

14

15

16          Currently before the Court is Defendants' motion to consolidate this prisoner civil rights

17   case with two related civil rights actions, *Ricks v. Austria, et al.*, 1:15-cv-1147 AWI-BAM and

18   *Ricks v. Levine, et al.*, 1:15-cv-1150 AWI-BAM.

19          In the *Austria* case, the Magistrate Judge issued a Findings and Recommendation ("*Austria*

20   F&R") that recommended denying a motion to consolidate these cases.  The *Austria* F&R

21   explained:

22          The parties have filed motions to consolidate this action with the two related cases.
             Defendant asserts in support that there are common issues of law and fact in all
23          three cases, and consolidation would avoid unnecessary duplication of proceedings
             and efforts, and guard against the risk of inconsistent adjudications.
24
             Federal Rule of Civil Procedure 42(a) provides that: "[i]f actions before the court
25          involve a common question of law or fact, the court may: (1) join for hearing or
             trial any or all matters at issue in the actions; (2) consolidate the actions; or
26          (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P.
             42(a). Whether or not to allow consolidation is in the Court's sound discretion. *In
27          re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir.1996).

28          At this time, the Court does not find it appropriate to consolidate these actions.

Although there are some commonalities among the actions, the claims involve medical determinations made by different professionals while Plaintiff was housed at different institutions, involving different judgments and information, and occurring over a course of several years. Defendant asserts that this case may involve three trials with the same witnesses and evidence, but the Court may reconsider whether consolidation is appropriate if and when these matters reach trial. Therefore, the Court will recommend that the parties' motions to consolidate be denied, without prejudice.

Doc. No. 52 in Case No. 1:15-cv-1147 AWI BAM. No objections were received with respect to this aspect of the *Austria* F&R.

On March 21, 2018, the Court adopted the entirety of the *Austria* F&R and denied the motion to consolidate.

There is no material distinction between the motion to consolidate in *Austria* and the motion to consolidate in this case. Therefore, for the reasons explained in the *Austria* F&R, the Court will deny the motion to consolidate in this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to consolidate (Doc. No. 39) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  March 22, 2018         _____
                               SENIOR DISTRICT JUDGE