# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>    Plaintiff,<br><br>v.<br><br>O. ONYEJE, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01148-AWI-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT BE GRANTED IN FAVOR OF DEFENDANT NAVARRO<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Scott K. Ricks is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Relevant Background**

On February 8, 2017, the District Judge ruled that this matter would proceed on Plaintiff's claim against Defendants Onyeje and Navarro for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (Doc. 29.) All other claims and defendants were dismissed. (*Id.*)

On November 1, 2017, Defendant Onyeje filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 41.) Defendant Navarro did not join that motion or file any separate motion.

On March 12, 2018, the undersigned issued findings and recommendations recommending that Defendant Onyeje's motion for summary judgment be granted. (Doc. 51.)

1

On May 9, 2018, the findings and recommendations were adopted in full, and summary judgment was granted in Defendant Onyeje's favor on Plaintiff's claim. (Doc. 58.)

Due to the foregoing, this case currently proceeds only against Defendant Navarro. Considering the findings made on summary judgment regarding the claim against Defendant Onjyeje, the Court turns to whether summary judgment should be granted to Defendant Navarro under the circumstances of this case.

## II. Summary Judgment to a Non-Moving Party

### A. Legal Standards

Federal Rule of Civil Procedure 56(f) provides as follows:

> (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

"District courts unquestionably possess the power to enter summary judgment *sua sponte*, even on the eve of trial." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010) (footnote omitted). The Ninth Circuit has affirmed a *sua sponte* grant of summary judgment to non-moving defendants, where the findings on the claim at issue in another defendant's motion for summary judgment applied to the non-moving defendants as well. *See City of Colton v. American Promotional Events*, 614 F.3d 998, 1004 n. 2 & 1008 (9th Cir. 2010). "However, the procedural rules governing Rule 56 apply regardless of whether the district court is acting in response to a party's motion, or *sua sponte*." *Norse*, 629 F.3d at 971 (citing *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989); *Ind. Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 111 (7th Cir. 1983)).

"Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Norse*, 629 F.3d at 972 (quoting *Portsmouth Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985)). However, it is well settled that a "district court may grant summary judgment without notice if the losing party has had a full and fair opportunity to ventilate the issues involved in the motion." *In re Harris Pine Mills v.*

*Mitchell*, 44 F.3d 1431, 1439 (9th Cir. 1995) (quoting *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989)).

**B.     Discussion**

In this case, as stated above, Plaintiff brought claims against Defendants Onyeje and Navarro for deliberate indifference to serious medical needs in violation of the Eighth Amendment. At the time of the events at issue, Defendant Onyeje was the Chief Medical Officer at Pleasant Valley State Prison ("PVSP"), and Defendant Navarro was the Health Care Appeals Coordinator at PVSP. Plaintiff alleges that Defendant Onyeje violated his right to medical care because he denied Plaintiff's third request for hernia surgery, and Defendant Navarro failed to permit the surgery in response to Plaintiff's appeals.

The Court granted summary judgment to Defendant Onyeje, finding that the denial of Plaintiff's third request for hernia surgery was not deliberately indifferent under the circumstances, because it was medically acceptable and within the standard of care. Plaintiff did not make any showing that the denial was medically unacceptable under the circumstances, and therefore there was no material issue of fact for trial. Because the basis of Plaintiff's claim against both Defendants is the denial of his third request for surgery, summary judgment is also appropriate for Defendant Navarro.

Furthermore, Plaintiff has had a full opportunity to litigate this issue in Defendant Onyeje's motion for summary judgment. Plaintiff filed a lengthy opposition to the motion for summary judgment attempting to show a disputed material issue of fact. Plaintiff also submitted objections to the findings and recommendations regarding Defendant Onyeje's motion, which were considered by the Court. Therefore, Plaintiff has presumably presented all the evidence and arguments he has concerning whether the denial of his third request for hernia surgery was medically unacceptable in this case. *See Harris Pine Mills*, 44 F.3d at 1440 (affirming *sua sponte* grant of summary judgment despite lack of notice where losing party had a "full and fair opportunity to ventilate the issue" on which summary judgment turned). Since the findings and recommendations were accepted and a final ruling was issued on Defendant Onyeje's motion, Plaintiff is precluded from relitigating the finding that the denial of his third request for hernia

3

surgery was medically acceptable and within the standard of care under the circumstances. Therefore, Plaintiff's claim that Defendant Navarro was deliberately indifferent in denying the same request for surgery in response to Plaintiff's appeals could not be proved if a trial were held.

Nevertheless, to ensure that Plaintiff has full notice and a reasonable opportunity to respond on this issue, the Court will provide Plaintiff an opportunity to show cause why the Court should not grant summary judgment in favor of Defendant Navarro in this case. Plaintiff may file a response within twenty-one (21) days of this order. Defendant Navarro may file a reply to Plaintiff's response within fourteen (14) days of Plaintiff's response, if any. Upon expiration of these deadlines, the matter will be considered submitted. Local Rule 230(l).

**III. Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff shall show cause in writing why summary judgment should not be granted in favor of Defendant Navarro in this case;

2. Plaintiff's response is due within **twenty-one (21) days**;

3. Defendant Navarro may file a reply to Plaintiff's response within **fourteen (14) days** of Plaintiff's response, if any. The matter will be deemed submitted once these deadlines expire; and

4. <u>Plaintiff is warned that the failure to comply with this order will result in a recommendation that summary judgment be granted to Defendant Navarro for reasons consistent with this order</u>.

IT IS SO ORDERED.

Dated: **May 17, 2018**         /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE