# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>        Plaintiff,<br><br>   v.<br><br>O. ONYEJE, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01148-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE<br>(Doc. No. 63)<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE FINDINGS AND RECOMMENDATIONS<br>(Doc. No. 62)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Scott K. Ricks is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On May 6, 2018, Plaintiff filed a notice of change of address, stating that on or about July 15, 2018, he would be mailing home his legal property related to this case. (Doc. No. 59.) On June 26, 2018, the Court issued findings and recommendations recommending that the Court grant summary judgment *sua sponte* in favor of Defendant Navarro. (Doc. No. 62.)

      Currently before the Court is Plaintiff's motion for change of venue. (Doc. 63.) In the motion, Plaintiff clarifies that he was released at an earlier date from prison than expected, and instead mailed home his legal property on July 1, 2017. His new address is now 817 Lytle St.,

1

Redlands, CA 92374. He expects to have his property processed within six to eight weeks from his released. Finally, he seeks a change in venue of this action to the United States District Court for the Central District of California due to his relocation to that district.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

The events at issue here occurred in Fresno County, which is located within the boundaries of the Fresno Division of the Eastern District of California. Defendant was also employed at an institution in Fresno County. Evidence and witnesses would appear to be found in or around Fresno County. There is no indication in the record that this action could have been brought in the Central District, or that Defendant has consented to any transfer. Although it may be more convenient for Plaintiff to adjudicate this case in a courthouse closer to his current residence, he has not carried his burden to show that venue should be transferred to the Central District. Therefore, his motion will be denied.

In an abundance of caution, due to Plaintiff's information regarding his recent relocation and the transfer of his legal property, the Court will order that he be re-served with the findings and recommendations issued on June 26, 2018. The Court will grant Plaintiff an extension of time of **fourteen (14) days** to file any objections to those findings and recommendations. Any additional extension of time must be requested before the deadline expires, and must be supported by good cause.

///

2

For these reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for change in venue, filed on July 6, 2018 (Doc. No. 63) is denied;

2. The Clerk of the Court is directed to update Plaintiff's address to 817 Lytle St., Redlands, CA 92374, as indicated in his motion, and re-serve on Plaintiff the findings and recommendations issued on June 26, 2018 (Doc. No. 62); and

3. Plaintiff's objections to the findings and recommendations are due within **fourteen (14) days** of this order.

IT IS SO ORDERED.

Dated: **August 30, 2018**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE